**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  KENNETH McCARTHY

Case No.: 19-29996

Judge: CMG

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: 2/18/20

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __VA__    Initial Debtor: __KM__    Initial Co-Debtor: _____

**Part 1:   Payment and Length of Plan**

a. The debtor shall pay $ __550.00__ per __MONTH__ to the Chapter 13 Trustee, starting on __2/1/2020__ for approximately __57__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☒ Sale of real property
Description: 907 Bond Street, Asbury Park, NJ 07712
Proposed date for completion: __3/17/20__

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

Debtor will satisfy arrears to creditor Wilmington Savings Fund Society D/B/A Christina Trust by selling the property located at 907 Bond Street, Asbury Park, NJ 07712 on or before March 17, 2020.

## Part 2:   Adequate Protection  ☒ NONE

   a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

   b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3:   Priority Claims (Including Administrative Expenses)

   a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 0.00 |
| DOMESTIC SUPPORT OBLIGATION | | |

   b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
   Check one:

   ☒ None

   ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Santander | 1st Mortgage/ 80 Cliffedge Way Red Bank | 1,653.88 | | $30.00 | |
| Legacy Mortgage Asset Trust 2019 RPL3 | 2nd Mtge/ 80 Cliffedge Way, Red Bank | $2,697.48 | | $48.00 | |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Wilmington Savings Fund Society c/o Selene Finance | 907 Bond St. Asbury Park NJ/Mortgage | $63,087.87 | 3.875% | | $1,106.80* |
| Liberty Revolving Trust | 159 Joyce New Brunswick/Mtge | $4,116.11 | | $75.00 | |
| Wimington Savings Fund dba Christina Trust C/Rushmore Loan Mgmt | 88 Elizabeth Ave Keyport/Mtge | $3,427.37 | | $61.00 | |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan:** ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:   Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than  100 _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6: Executory Contracts and Unexpired Leases ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 7: Motions ☒ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f). ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Secured Claims
3) Priority Unsecured Claims
4) Unsecured creditors

### d. Post-Petition Claims

The Standing Trustee ☒ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 1/9/20                                    .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To conform to Trustee's Standard Distribution Order | Re-arranged the order of distributions to comply with the Trustee's standard order. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

# Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 2/18/2020    /s/Kenneth McCarthy
    Debtor

Date: _____    _____
    Joint Debtor

Date: 2/18/2020    /s/ Vincent Ansetti
    Attorney for Debtor(s)

```
                         United States Bankruptcy Court
                              District of New Jersey
In re:                                                    Case No. 19-29996-CMG
   Kenneth McCarthy                                       Chapter 13
            Debtor
                          CERTIFICATE OF NOTICE
District/off: 0312-3          User: admin              Page 1 of 2              Date Rcvd: Feb 20, 2020
                              Form ID: pdf901          Total Noticed: 23


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 22, 2020.
db             Kenneth McCarthy,    80 Cliffedge Way,    Red Bank, NJ 07701-5211
cr            +SANTANDER BANK, N.A.,    Phelan Hallinan & Schmieg, PC,    1617 JFK Boulevard,   Suite 1400,
                Philadelphia, PA 19103-1814
cr            +Wilmington Savings Fund Society, FSB, d/b/a Christ,    P.O. Box 55004,    Irvine, CA 92619-5004
518525983     +Bank Of America,    Attn Bankruptcy Dept,    P.O. Box 9000,    475 Cross Point Pkwy,
                Getzville, NY 14068-1609
518589961     +Bank of America, N.A.,    P O Box 982284,    El Paso, TX 79998-2284
518642992      Legacy Mortgage Asset Trust 2019-RPL3,    c/-o Select Portfolio Servicing, Inc.,
                P.O. Box 65250,    Salt Lake City, Utah 84165-0250
518525984     +Pluese Becker & Saltzman, LLC,    2000 Horizon Way,    Suite 910,    Mount Laurel, NJ 08054-4303
518525986     +Rushmore Lms,    Attn: Bankruptcy,    Po Box 55004,    Irvine, CA 92619-5004
518637034     +SANTANDER BANK, N.A.,    SANTANDER BANK, N.A.,    1 CORPORATE DRIVE, SUITE 360,
                LAKE ZURICH IL 60047-8945
518525990     ++SETERUS INC,    PO BOX 619096,    DALLAS TX 75261-9096
               (address filed with court:    Seterus, Inc.,    14523 S.W. Willikan Way Ste 200,
                Beaverton, OR 97005)
518525987     +Santander Bank Na,    MS 1731,    1 Corporate Drive Suite 360,    Lake Zurich, IL 60047-8945
518576292     +Santander Bank, N.A.,    450 Penn St. MC: 10-421-MC3,    Reading, PA 19602-1011
518525988      Santander Bank, N.A.,    1 Corp. Drive,    Suite 360,    Lake Zurich, IL 60047-8945
518525991     +Shellpoint Mortgage Servicing,    Attn: Bankruptcy,    Po Box 10826,    Greenville, SC 29603-0826
518646149      U.S. BANK NATIONAL ASSOCIATION, as INDENTURE TRUST,     P.O. BOX 65250,
                SALT LAKE CITY, UT 84165-0250
518605767     +Wilmington Savings Fund Society, FSB,    RAS Crane, LLC,    10700 Abbotts Bridge Road, Suite 170,
                Duluth, GA 30097-8461
518627802      Wilmington Savings Fund Society, FSB, d/b/a Chris,    c/o Rushmore Loan Management Services,
                PO Box 55004,    Irvine, CA 92619-5004

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Feb 21 2020 01:48:21      U.S. Attorney,    970 Broad St.,
                Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Feb 21 2020 01:48:17      United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                Newark, NJ 07102-5235
518609825      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 21 2020 02:16:54
                Portfolio Recovery Associates, LLC,    c/o Capital One Bank (usa), N.a.,    POB 41067,
                Norfolk VA 23541
518525985     +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 21 2020 01:54:20
                Portfolio Recovery,    Po Box 41021,    Norfolk, VA 23541-1021
518525989      E-mail/Text: bkteam@selenefinance.com Feb 21 2020 01:47:42      Selene Finance,
                9990 Richmond Suite 400 South,    Houston, TX 77042-4546
518645639     +E-mail/Text: bkteam@selenefinance.com Feb 21 2020 01:47:43      WILMINGTON SAVINGS FUND SOCIETY,
                C/O Selene Finance, LP,    9990 Richmond Ave. Suite 400 South,    Houston TX 77042-4546
                                                                                              TOTAL: 6

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 22, 2020                                        Signature: /s/Joseph Speetjens

```
District/off: 0312-3             User: admin              Page 2 of 2             Date Rcvd: Feb 20, 2020
                                 Form ID: pdf901          Total Noticed: 23
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 18, 2020 at the address(es) listed below:

```
          Albert   Russo    docs@russotrustee.com
          Aleisha Candace Jennings    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a
           Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust
           ajennings@rasflaw.com
          Andrew L. Spivack    on behalf of Creditor    SANTANDER BANK, N.A. nj.bkecf@fedphe.com
          Jill   Manzo    on behalf of Creditor    Select Portfolio Servicing, Inc., as servicer for LIBERTY
           REVOLVING TRUST bankruptcy@feinsuch.com
          Kevin Gordon McDonald    on behalf of Creditor    Legacy Mortgage Asset Trust 2019-RPL3.
           kmcdonald@kmllawgroup.com, bkgroup@kmllawgroup.com
          R. A. Lebron    on behalf of Creditor    Select Portfolio Servicing, Inc., as servicer for LIBERTY
           REVOLVING TRUST bankruptcy@feinsuch.com
          Robert   Davidow    on behalf of Creditor    SANTANDER BANK, N.A. nj.bkecf@fedphe.com
          Robert P. Saltzman    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a
           Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust c/o
           Rushmore Loan Management Services dnj@pbslaw.org
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
          Vincent   Ansetti    on behalf of Debtor Kenneth   McCarthy vincent@ansettilaw.com,
           vincent@ansettilaw.com
                                                                                              TOTAL: 10
```